UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

GERALDINE NOBLE,

    Plaintiff
vs.

CARNIVAL CORP.,
d/b/a CARNIVAL CRUISE LINES, INC.,

    Defendant.
_____/

## COMPLAINT

**COME NOW**, the Plaintiff, **GEORGIA WESTWOOD**, by and through undersigned counsel, and sues the Defendant, CARNIVAL CORP., d/b/a CARNIVAL CRUISE LINES, INC. and further state as follows:

## GENERAL ALLEGATIONS

1. This is a cause of action which is brought in the District Court for the Southern District, Florida pursuant to 28 U.S.C. 1333 and the forum selection clause of Plaintiff's passenger cruise ticket with Defendant. The cause of action is in excess of $75,000.00. There is complete diversity of citizenship. Plaintiff is a citizen and resident of the state of Texas. This is a maritime cause of action.

2. Plaintiff has complied with all conditions precedent to bringing this action or said conditions do not apply.

3. Defendant CARNIVAL CORP., d/b/a CARNIVAL CRUISE LINES, INC., is, upon information and belief, a foreign and/or Panamanian corporation, which is

        licensed to do business in Florida as a cruise line. Defendant's base of operations and principle place of business is in Miami, Dade County, Florida.

## COUNT ONE-NEGLIGENCE

4. Plaintiff re-avers and re-alleges paragraphs One through Three as if set forth herein.

5. On or about December 4, 2012 Plaintiff was a fare-paying passenger on Defendant's vessel CARNIVAL TRIUMPH. Defendant owned and/or operated the CARNIVAL TRIUMPH on the aforesaid date.

6. At all times material Defendant owed Plaintiff a duty of reasonable care in the circumstances aboard its vessel.

7. Notwithstanding Defendant's duty as aforesaid, Defendant breached its duty by unreasonably:

    a. Failing to properly maintain the vessel in a safe condition by failing to maintain a marble or other smooth stone floor in a reasonably safe condition, and/or;

    b. Failing to design a passenger deck adjacent to a restaurant in a safe manner, and/or;

    c. Failing to warn Plaintiff of the dangers associated with walking on a passenger deck, and/or;

    d. Failing to have a non-slip surface on a passenger deck where it was reasonably foreseeable that the deck would become wet and slippery, and/or;

    e. Failing to keep a floor or deck outside a restaurant in a clean and dry

        condition, and/or;

    f.    Failing to have proper and safe lighting in an area outside a restaurant, and/or;

8. As a result of the foregoing, the Plaintiff was seriously injured when she slipped and fell on a large amount of liquid on a marble or stone floor outside the Paris Restaurant which was wet and slippery.

9. At all times material, the Defendant either created the dangerous conditions of which Plaintiff complains and/or the dangerous conditions existed for a sufficient period of time that Defendant had constructive knowledge of the dangerous conditions and/or Defendant had actual knowledge of the dangerous conditions hereinbefore alleged in paragraph seven to have caused or contributed to causing Plaintiff's injuries.

10. At all times, Plaintiff acted with due care for her own safety.

11. At all times material hereto, Defendant was in direct control of the vessel where Plaintiff was injured. She suffered a shattered elbow which required surgical intervention with plating and screws. The fracture did not heal properly and a total elbow arthroplasty (elbow replacement) has been recommended for Plaintiff.

12. As a result of the negligence of the Defendant as aforesaid, the Plaintiff was injured in and about her body and extremities and suffered pain, mental and emotional distress and anguish therefrom; incurred medical expense and physical handicap, scarring and disfigurement, embarrassment, mental anguish and emotional distress and a loss of the ability to enjoy life; suffered a loss of earnings and loss of earning capacity, suffered an aggravation of pre-existing conditions,

suffered a loss of enjoyment of the cruise. Said personal injuries are permanent and/or continuing in nature and the Plaintiff shall continue to suffer such losses and impairments in the future.

WHEREFORE, Plaintiff demands judgment from Defendant for damages and costs and pre-judgment interest. Jury trial is demanded.

DATED this 28th Day of April, 2013.

>HOFFMAN LAW FIRM
>PAUL M. HOFFMAN, P.A.
>2881 East Oakland Park Boulevard
>Fort Lauderdale, FL 33306
>Telephone: 954-707-5040
>pmh@paulmhoffmanlaw.com
>
>By: _/ s/ Paul M. Hoffmn, Esq._
>PAUL M. HOFFMAN, ESQ.
>Florida Bar No:   0279897