UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: **13-21502-CIV-MORENO**

GERALDINE NOBLE,

    Plaintiff,

vs.

CARNIVAL CORP., d/b/a CARNIVAL CRUISE LINES, INC.,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Geraldine Noble sues Defendant Carnival Corporation following a slip and fall on one of Defendant's vessels. This cause came before the Court upon Defendant's Motion for Summary Judgment **(D.E. 37)**, filed on **September 12, 2016** and heard in open court on December 12, 2016.

The Court has considered the motion, the response, the reply, the pertinent portions of the record, and the arguments presented by counsel in court, and being otherwise fully advised in the premises, it is **ADJUDGED** that the motion is GRANTED because there is no genuine dispute as to whether Defendant had actual or constructive notice of the liquid on which Plaintiff slipped.

### I.   FACTUAL BACKGROUND

On December 4, 2012, Plaintiff Geraldine Noble was sailing with her husband on the Carnival Triumph. At approximately 10:00 a.m. on the first full day at sea, Plaintiff and her husband were walking from the Paris Restaurant onboard to an adjacent stairway after finishing

breakfast. Plaintiff slipped and fell on liquid on the top step of the stairs, about ten feet from the restaurant's entrance. As a result of her fall, Plaintiff shattered her left elbow and subsequently underwent numerous surgeries to repair it.

## II.  LEGAL STANDARD

Summary judgment is authorized where there is no genuine issue of material fact. Fed. R. Civ. P. 56(c). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). The party opposing the motion for summary judgment may not simply rest upon mere allegations or denials of the pleadings; the non-moving party must establish the essential elements of its case on which it will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). The nonmovant must present more than a scintilla of evidence in support of the nonmovant's position. A jury must be able reasonably to find for the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254 (1986).

## III.  ANALYSIS

Plaintiff's one-count Complaint alleges that Carnival breached its duty to Plaintiff by (1) failing to properly maintain the floor in a reasonably safe condition; (2) failing to design the deck in a safe manner; (3) failing to warn; (4) failing to install a nonslip surface; (5) failing to keep the deck in a clean/dry condition; and/or (6) failing to install proper lighting. [*See* D.E. 1]. Plaintiff additionally alleges that Defendant negligently operated Paris Restaurant by allowing passengers to carry beverages out of the restaurant in uncovered containers across marble flooring. Plaintiff argues that reasonable inferences suggest that the liquid upon which Plaintiff slipped was spilled because Defendant allowed passengers to carry uncovered beverages without stationing an

employee outside the restaurant to monitor for spills or installing a rubber mat over the floor.

Defendant moves for summary judgment based on its fifth affirmative defense:

> Defendant avers that it had no notice, actual, constructive or otherwise of any condition which the Plaintiff alleges was the proximate cause of her damage and as such, the Defendant herein is not liable to the Plaintiff herein based on a theory of negligence and the Plaintiff is unable to recover of this Defendant.

[D.E. 4 at p. 4]. Defendant argues that there is no genuine dispute of material fact as to whether it had actual or constructive notice of the liquid outside Paris Restaurant. Because Plaintiff fails to demonstrate a genuine issue of fact as to whether Defendant was either on constructive or actual notice of the spill, we grant summary judgment in Defendant's favor.

This suit is governed by general maritime law, where the standard of care a cruise ship owes its passengers is ordinary reasonable care under the circumstances. *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1322 (11th Cir. 1989). This standard also requires that Plaintiff must show (1) a dangerous condition existed, (2) Defendant was on actual notice of the dangerous condition, and (3) if Defendant did not have actual notice, it was on constructive notice that the dangerous condition existed for an interval of time sufficient to allow it to implement corrective measures. *See Adams v. Carnival Corp.*, No. 08-22465-CIV, 2009 WL 4907547, at *3 (S.D. Fla. Sept. 29, 2009); *see also Keefe*, 867 F.2d at 1322 (holding that the standard also "requires, as a prerequisite to imposing liability, that the carrier have had actual or constructive notice of the risk-creating condition").

Plaintiff relies most heavily on a portion of her husband's affidavit swearing that he personally observed passengers carrying drinks in uncovered containers as they left the restaurant. [D.E. 45-1 at ¶ 6]. Like her husband, Plaintiff testified that she observed people "carrying things in and out" and noted that "God only knows who could have spilled it." [D.E.

36-1 at pp. 19-20]. She also claimed that her husband observed the liquid when she fell [*id.* at p. 20 ("My husband was two feet behind me, and he tried—he saw it. And he tried to help me, catch me.")]. While her husband's affidavit swears that Plaintiff "slipped and fell on liquid which had been spilled or dropped on a wet and slippery smooth stone or marble floor" [D.E. 45-1 at ¶ 4] and states that prior to Plaintiff's injury, Plaintiff's husband "personally observed other passengers carrying drinks such as coffee and glasses with other liquids in uncovered containers walking out of the restaurant" [*id.* at ¶ 6], it is notably silent as to whether her husband personally observed the liquid as Plaintiff claims. Plaintiff was also unable to accurately describe the location of the liquid, claiming only that it was on "[t]he top stair." She could not mark an "X" on the precise location where the liquid was located on the stairs and responded "I don't know" when asked whether the liquid was closer to the "back" of a photograph of the stairs or closer to the actual step in the front. [D.E. 36-1 at p. 19; *id.* at p. 20]. She was similarly unable to describe the appearance of the liquid. [*See id.* at p. 20 (Plaintiff cannot answer whether the liquid was water, coke, vodka, bleach, "or anything.")].

The evidence Plaintiff presents to the Court is not enough to create a genuine issue of material fact as to whether liquid was on the floor long enough to allow for corrective action or detection to provide Defendant with actual or constructive notice of the spill. While Plaintiff argues that a genuine issue is presented by adding together reasonable inferences taken from the evidence presented, *see Daniels v. Twin Oaks Nursing Home*, 692 F.2d 1321, 1323-24 (11th Cir. 1983) ("According to federal law there is no prohibition against pyramiding inferences; instead all inferences are permissible so long as they are reasonable."), our review of the record confirms that Plaintiff has not presented sufficient evidence for a jury to reasonably find Defendant had notice of the liquid outside the restaurant.

For these reasons, summary judgment is granted in Defendant's favor.

DONE AND ORDERED in Chambers at Miami, Florida, this 16th day of December, 2016.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record

-5-